# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**ROBERT LARRY LYTLE**　　　　　　　　　　　　　　　　　　　　　**PETITIONER**
Reg. #16921-273

**V.**　　　　　　　　**CASE NO. 4:19-CV-270-KGB-BD**

**CHARLES HENDRIX, Warden,**
**Federal Correctional Institution-Low,**
**Forrest City, Arkansas**　　　　　　　　　　　　　　　　　　　　　**RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**　　**Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Either party may file written objections with the Clerk of Court within 14 days. Objections should be specific and should explain the factual or legal basis for the objection.

By not objecting, parties may waive the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.**　　**Background:**

On January 26, 2017, Robert Larry Lytle was federally indicted in the Western District of South Dakota on 18 counts, including conspiracy, criminal contempt, mail fraud, wire fraud, and obstruction. *United States v. Robert Larry Lytle*, No. 5:17-CR50020-RAL-1 (W.D. S.D.) (#2). According to the indictment and a later superseding indictment, Mr. Lytle was "involved in the designing, manufacturing, packing, labeling,

holding, marketing, selling, and distributing of medical devices known as 'QLasers,' a collection of various apparatuses marketed as low-level laser therapy devices for home use." *Id*. (#2 at 1-2, #176 at 2). It was further explained that, "Lytle marketed and distributed the QLaser devices to consumers throughout the United States by falsely claiming the QLaser devices safely and effectively treated a panoply of medical conditions at home, including e.g., cancer, heart attacks, paralysis, HIV/AIDS, and diabetes." *Id*. (#2 at 3, #176 at 2-3).

After ignoring warnings from the Food and Drug Administration (FDA) that selling QLaser devices for unapproved uses was unlawful under the Food, Drug, and Cosmetic Act, the Government successfully began a civil action against Lytle and his businesses resulting, in a permanent injunction in 2015. *Id*. (#2 at 3-4, #176 at 4). As a result, Lytle was enjoined from manufacturing, storing, and distributing QLaser devices and was ordered to make restitution to any purchasers. *Id*. (#2 at 4-5, #176 at 5). The permanent injunction was affirmed on appeal. *United States v. 2035, Inc.*, 668 Fed. App.'x 679, 680 (8th Cir. Sept. 6, 2015) (*per curiam*).

Thereafter, Mr. Lytle was federally indicted, and, on January 26, 2018, he pleaded guilty, pursuant to a superseding indictment, to one count of criminal contempt in violation of 18 U.S.C. § 401(3) and one count of conspiracy to introduce misbranded medical devices into interstate commerce with the intent to defraud and mislead, a violation of 18 U.S.C. § 371 and 21 U.S.C. §§331 and 333(a)(2). *United States v. Robert Larry Lytle*, No. 5:17-CR50020-RAL (W.D. S.D.) (#178). Subsequently, the sentencing court twice denied Mr. Lytle's motion to withdraw his guilty plea. *Id*. (#246, #378).

2

On April 23, 2018, Mr. Lytle was sentenced, below the guideline range, to 60 months' imprisonment on Count I and to 84 months on Count II, to run consecutively. *Id.* (#263). The remaining counts were dismissed. *Id.* An amended judgment was issued on November 21, 2018, adding a restitution requirement. *Id.* (#385, #402).

Mr. Lytle initiated several appeals, which were consolidated and dismissed based on the appeal waiver in the underlying plea agreement. *United States v. Lytle*, No. 18-1923 (8th Cir. April 26, 2019). On Mr. Lytle's motion, the Court of Appeals for the Eighth Circuit granted an extension of time to petition for rehearing. *Id.* (Order May 8, 2019). He currently has until June 7, 2019, to file his petition. *Id.*

Mr. Lytle, now an inmate at the Federal Correctional Complex in Forrest City, Arkansas, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Specifically, Mr. Lytle contends that the permanent injunction issued in his civil case is void. (#1 at 7, 10-1) He also challenges the validity of the criminal indictment, asserting that it was "bogus." (*Id.* at 7, 12-13)

Mr. Lytle argues that, as a child of God, he is not subject to man's law (#1 at 8-10); he raises a myriad of ineffective-assistance-of-counsel claims (#1 at 14); he complains that the prosecution and Court used fraudulent grammar to confuse and deceive him (#1 at 16); he argues that he did not commit a trespass upon the Court (#1 at 16-17); he contends that he is neither "contractually" obligated to nor "rebuttably presumed" to be subject to the jurisdiction of the sentencing court (#1 at 17-18, 19); he argues that there was no victim and , therefore, cannot be criminally liable (#1 at 18); and

he vaguely contends, without identifying how, that his constitutional rights were violated. (#1 at 20-23) Respondent Hendrix has responded to the petition. (#10)

## III. Discussion:

### A. Next Friend Standing

Mr. John Philip Ellis, Sr., who identifies himself as having Mr. Lytle's power of attorney (POA), drafted and signed the federal habeas petition on Mr. Lytle's behalf. (#1 at 25-26) Mr. Lytle has informed the Court that he does not object to Mr. Ellis's filing the habeas petition on his behalf. (#3) His acquiescence, however, is not enough.

A habeas application may be signed and verified "by someone acting in [the petitioner's] behalf." 28 U.S.C. §2242; see also Rule 2 (c)(5) of the Rules Governing Section 2254 Cases. However, "[a] person generally lacks standing to prosecute a federal habeas corpus petition on behalf of another unless he or she can show a reasonable excuse as to why the detainee did not sign and verify the petition, and a sufficient relationship and interest linking the would-be next friend to the detainee." *Smith By and Through Missouri Pub. Def. Commn. v. Armontrout*, 812 F.2d 1050, 1053 (8th Cir. 1987) (citing *Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978)). The burden of establishing standing rests with the "next friend"—that is, the person filing on behalf of the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 64 (1990).

To have standing, a next friend must first "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his [or her] own behalf to prosecute the action"; and "[s]econd, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf

4

he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163 (citation omitted). Importantly, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 at 163. In fact, the Fifth Circuit Court has determined that having a POA, standing alone, is insufficient to confer "next friend" status in a habeas corpus case. *Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978).

Here, Mr. Ellis does not explain why he is bringing the petition on Mr. Lytle's behalf nor why he was given Mr. Lytle's POA in the first place. Instead, he simply signs the petition as Mr. Lytle's POA and attaches the designating document. (#1 at 25-26) In the POA document, Mr. Lytle appoints Mr. Ellis to "handle any and all court actions and appeals concerning the FDA, the Department of Justice or any federal agency concerning . . . Mr. Lytle . . . [and] QLasers." (#1 at 26) The POA was executed on April 14, 2015, almost two years before the criminal indictment was filed. A review of Mr. Lytle's criminal docket further reveals that his competency was never at issue. Rather, a cursory review of the docket demonstrates that on at least two occasions, Mr. Lytle filed *pro se* pleadings. *United States v. Robert Larry Lytle*, No. 5:17-CR50020-RAL (W.D. S.D.) (#276, #292). And, the Government moved, without objection, to prevent Mr. Ellis from being presented as an expert or from sitting with Mr. Lytle during hearings. *Id.* (#119, #143).

The Court has no reason to believe Mr. Lytle is unable to bring a habeas petition for himself, if for no other reason, because Mr. Lytle has coherently written to the Court

5

five times. Besides informing the Court that he has no objection to Mr. Ellis's filing the petition (#3), Mr. Lytle has also filed a four-page letter explaining why he believes he was wrongly prosecuted. (#6) In that letter, he states that his eyesight is compromised, but only to explain why the letter may have grammatical errors. He does not assert a disability requiring a "next friend" to file on his behalf. (#6 at 4) Since filing the letter, Mr. Lytle successfully moved for a status update (#7) and twice let the Court know that he needs nothing further.

Regardless, Mr. Ellis has not met his burden of establishing that Mr. Lytle is incapable of pursuing his own petition or that he is truly dedicated to Mr. Lytle's best interests. Mr. Ellis lacks standing to bring this petition on Mr. Lytle's behalf; thus, the Court lacks jurisdiction over the petition.

### B.    General Jurisdiction

Even if the Court assumes that Mr. Ellis meets "next friend" requirements, the Court should still dismiss the petition. Although the petition was filed as a § 2241 habeas corpus petition, the claims relate to Mr. Lytle's conviction, sentence, and separate civil proceedings in the Western District of South Dakota.

Inmates challenging the lawfulness of the imposition of their federal sentences must do so in a motion filed with the sentencing court, under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought in the judicial district where the prisoner is incarcerated. *Nichols v.*

...
...

*Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). It is clear Mr. Lytle challenges the validity of his underlying sentence, rather than the manner in which his sentence is being carried out.

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added); *Nichols*, 553 F.3d at 650. The last clause is a provision generally referred to as a § 2255's "savings clause." *Abdullah*, 392 F.3d at 959. The circumstances that allow a prisoner to invoke the savings clause are intentionally narrow and require a petitioner to show that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959).

Mr. Lytle has not demonstrated that seeking relief under § 2255 from the sentencing court would be inadequate or ineffective. And, because he has until June 7, 2019, to petition for rehearing of the denial of his direct appeal, it is currently premature to file a § 2255 motion. The United States District Court for the Eastern District of Arkansas lacks subject matter jurisdiction over this §2241 petition.

**IV. <u>Conclusion</u>:**

Mr. Ellis has not established standing to act as Mr. Lytle's next friend; and there has been no showing that it would be inadequate or ineffective to seek relief under § 2255 from the sentencing court. Accordingly, the Court recommends that Judge Baker

DISMISS the pending petition for writ of habeas corpus (#1), without prejudice, under Rule 4 of the Rules Governing Section 2254 cases.[1]

DATED this 31st day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 4 of the Rules Governing Section 2254 Cases is applicable to petitions filed under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases.