# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ROBERT LARRY LYTLE                                                                    PETITIONER

v.                              Case No. 4:19-cv-00270-KGB

CHARLES HENDRIX                                                                       RESPONDENT

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Beth Deere on May 31, 2019 (Dkt. No. 13). Petitioner Robert Larry Lytle has filed an objection to Judge Deere's Recommended Disposition (Dkt. No. 14). Mr. Lytle also filed a motion for status and motion for ruling (Dkt. Nos. 15, 16). After careful review of the Recommended Disposition and Mr. Lytle's response thereto, as well as a *de novo* review of the record, the Court adopts the Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law. The Court dismisses without prejudice Mr. Lytle's petition for a writ of *habeas corpus* (Dkt. No. 1). The Court writes separately to address Mr. Lytle's objection to Judge Deere's Recommended Disposition.

### I.    Factual And Procedural History

Mr. Lytle is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. On January 26, 2017, Mr. Lytle was indicted in the United States District Court for the District of South Dakota on 18 counts of conspiracy, criminal contempt, mail fraud, wire fraud, and obstruction of agency proceedings. *See United States v. Lytle*, No. CR 17-50020-01 (D.S.D. Jan. 26, 2017). According to the indictment, Mr. Lytle was involved in the designing, manufacturing, packing, labeling, holding, marketing, selling and distributing of medical devices

known as "QLasers," a collection of various apparatuses marketed as low-level laser therapy devices for home use.

The criminal charges followed a separate civil enforcement action brought by the Food and Drug Administration against Mr. Lytle in 2014, which led to a permanent injunction preventing Mr. Lytle from manufacturing, storing, or distributing QLaser devices. *See United States v. 2035, Inc.*, No. CIV. 14-5075-JLV (D.S.D. Oct. 6, 2015). The permanent injunction was affirmed on appeal. *See United States v. 2035, Inc.*, 668 F. App'x 679, 680 (8th Cir. 2016) (per curiam).

The indictment was superseded by an information filed on January 26, 2018, which charged one count of conspiracy, in violation of 18 U.S.C. § 371, and one count of criminal contempt, in violation of 18 U.S.C. § 401(3). That same day, Mr. Lytle pleaded guilty, pursuant to a written plea agreement, to the two charges of the superseding information.

On April 23, 2018, United States District Judge Roberto A. Lange sentenced Mr. Lytle to 60 months' imprisonment on Count 1 and 84 months' imprisonment on Count 2, to run consecutively, and 2 years of supervised release on each count, to run concurrently. On November 21, 2018, the judgment was amended to add a restitution obligation of $7,414,324.93. Mr. Lytle appealed his conviction and sentence, which the United States Court of Appeals for the Eighth Circuit affirmed on April 26, 2019. *See United States v. Lytle*, No. 18-1923 (8th Cir. Apr. 26, 2019). Mr. Lytle's petition for rehearing en banc was denied on July 11, 2019.

Mr. Lytle then initiated the instant case by filing a petition for a writ of *habeas corpus* in this Court on April 15, 2019 (Dkt. No. 1). Respondent Charles Hendrix filed a response on May 17, 2019 (Dkt. No. 10). On May 31, 2019, Judge Deere filed a Recommended Disposition in which she recommended that Mr. Lytle's petition for a writ of *habeas corpus* be dismissed, without prejudice, for want of subject-matter jurisdiction (Dkt. No. 13). On June 17, 2019, Mr. Lytle filed

an objection to Judge Deere's Recommended Disposition (Dkt. No. 14). Thereafter, Mr. Lytle filed a motion for status and a motion for ruling (Dkt. Nos. 15, 16).

## II. Discussion

This matter is before the Court on a petition for a writ of *habeas corpus* filed under 28 U.S.C. § 2241. Because Mr. Lytle is a *pro se* litigant, the Court has liberally construed his filings and has attempted to discern a basis in law for relief. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

It is well-established that a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court—here, the District of South Dakota—under 28 U.S.C. § 2255, not in a *habeas* petition filed in the court of incarceration—here, the Eastern District of Arkansas—under 28 U.S.C. § 2241. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *see also Alexander v. Haynes*, No. 2:13CV00098 BSM, 2013 WL 5507665, at *3 (E.D. Ark. Oct. 1, 2013) ("Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct their sentence, under 28 U.S.C. § 2255."), *aff'd*, No. 14-1217 (8th Cir. July 17, 2014).

Assuming, *arguendo*, that John Philip Ellis, Sr., has "next-friend" standing to seek *habeas* relief on behalf of Mr. Lytle, Mr. Lytle has not stated a cognizable claim under § 2241 because he is challenging the sentence itself, rather than the manner of execution of his sentence. In his objection to Judge Deere's Recommended Disposition, Mr. Lytle largely reproduces the factual allegations and arguments raised in his *habeas* petition. Specifically, Mr. Lytle believes that his criminal conviction is invalid because: (1) his indictment was not returned in open court; (2) there were misleading statements in affidavits in both his civil and criminal cases; (3) there were

3

misleading statements in the record of his criminal case; (4) Judge Lange's rulings showed bias and prejudice; and (5) his criminal case was a for-profit commercial enterprise conducted by a for-profit corporation (*i.e.*, the United States). Mr. Lytle's claims are challenges to the validity of his underlying conviction and sentence. Section 2241 is not the mechanism for asserting such challenges.

Mr. Lytle may not invoke the "savings clause" in 28 U.S.C. § 2255(e) and proceed on a § 2241 petition. "Section 2255 contains a narrowly-circumscribed 'safety valve' that permits a federal prisoner to petition for a writ of habeas corpus under § 2241 if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.'" *U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061–62 (8th Cir. 2002) (quoting 28 U.S.C. § 2255(e)). Thus, if § 2255 were to be found "inadequate or ineffective," Mr. Lytle could file a § 2241 petition. That being said, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092 (citing *United States v. Lurie*, 207 F.3d 1075, 1077–78 (8th Cir. 2000)).

The Court agrees with Judge Deere that Mr. Lytle has not shown that a § 2255 motion in the sentencing court is inadequate or ineffective to challenge the legality of his detention (Dkt. No. 13, at 7). The remedy afforded by § 2255 plainly encompasses the claims at issue here. Mr. Lytle's *habeas* petition is denied and his objection to Judge Deere's Recommended Disposition is overruled.

### III.     Certificate Of Appealability

Mr. Lytle identified his claims as falling under 28 U.S.C. § 2241. This Court, however, agrees with Judge Deere that Mr. Lytle's petition is properly construed under 28 U.S.C. § 2255. "Under the Antiterrorism and Effective Death Penalty Act of 1996, there can be no appeal from a

4

final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (citing 28 U.S.C. § 2253(c)(1)). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Obtaining a certificate of appealability "does not require a showing that the appeal will succeed," and a court should not decline the application for a certificate of appealability "merely because it believes the applicant will not demonstrate an entitlement to relief." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Having carefully reviewed the parties' submissions and the relevant law, the Court finds that reasonable jurists could not debate whether Mr. Lytle should obtain relief in his collateral challenge to his sentence. Therefore, the Court declines to issue a certificate of appealability. Mr. Lytle may still apply to the Eighth Circuit for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

**IV.    Conclusion**

In sum, the Court adopts the Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 13). The Court dismisses without prejudice Mr. Lytle's petition for a writ of *habeas corpus* and denies the relief requested therein (Dkt. No. 1). The Court denies as moot Mr. Lytle's motion for status and motion for ruling (Dkt. Nos. 15, 16).

It is so ordered this 9th day of March, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judged